USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-19-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x

JOHN K. WEIR,

Plaintiff,

05 Civ. 9268 (DFE)

(This is not an ECF case.)

-against-

OPINION AND ORDER

THE CITY OF NEW YORK,

Defendant.

--------------------------------x

DOUGLAS F. EATON, United States Magistrate Judge.

Plaintiff John K. Weir, who is an attorney, filed this lawsuit on September 15, 2005. The Complaint named only one defendant, the City of New York. It alleged three causes of action: (1) false arrest and false imprisonment on June 15-16, 2004, (2) malicious prosecution, and (3) violation of civil rights under 42 U.S.C. § 1983. In an Opinion and Order filed August 11, 2008, I granted the City's motion for judgment on the pleadings and I denied Weir's September 2007 cross-motion to amend the Complaint. *Weir v. City of New York*, 2008 WL 3363129 (S.D.N.Y. Aug. 11, 2008).

On September 16, 2008, after obtaining extra time, Weir served a Notice of Motion for Reconsideration, which annexed a memorandum of law ("Weir Mem."). On October 3, 2008, the City served an opposing memorandum ("City Mem."). On November 10, 2008, Weir served his reply memorandum in final form ("Reply Mem."). I have reconsidered my prior Opinion and I adhere to it.

My prior Opinion ruled as follows. The Complaint failed to state a § 1983 claim against the City. Under *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018 (1978), and its progeny, the City "may only be held accountable if the deprivation was the result of a municipal custom or policy." *City of Oklahoma v. Tuttle*, 471 U.S. 808, 917, 105 S.Ct. 2427, 2432-33 (1985). The Complaint did not allege facts from which one could infer that there was a causal link between the alleged deprivation and any City custom or policy. The Complaint did not sue any individual, and I denied Weir's cross-motion to amend his Complaint to sue individual defendants. To the extent that false arrest was the gist of a § 1983 claim, the three-year statute of limitations expired in June 2007, and the September 2007 cross-

motion to sue individuals did not meet the "relation back" requirement of Fed. R. Civ. Pr. Rule 15. As for the state-law claim for false arrest, I dismissed because Weir had failed to file a timely notice of claim as required by N.Y. Gen. Mun. Law § 50-e. As for malicious prosecution, Weir had received an adjournment in contemplation of dismissal; this did not constitute a termination in favor of the accused. Amending the Complaint to add claims of assault and battery would be futile because (1) Weir filed no notice of such claims, and (2) the statute of limitations on such claims expired in 2005.

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atlantic Airways Ltd. v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992). Having considered Weir's papers, I find that he has not met any of the required criteria. He has made some new arguments and cited some cases that he did not cite before, but he has not pointed to any controlling decisions or new evidence.

My original Opinion, at *5-6, quoted from *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007), and *Iqbal v. Hasty,* 490 F.3d 143, 155, 157-58 (2d Cir. 2007), concerning a pleader's obligation to make factual allegations sufficient to render his claim "plausible."

Weir avoids citing *Twombly* and *Iqbal;* he almost suggests that I thought up the plausibility standard on my own. The Weir Mem., at page 8, says:

> [T]his Court has apparently determined that it should apply a standard of "plausibility," and that under such standard, Plaintiff's pleading falls short. This determination, however, is deficient on at least two grounds: 1) the filing of this case antedates the change in the applicable standard, even assuming that the plausibility standard is appropriately applied outside the antitrust context; and 2) the Court makes no determination that the facts pleaded in the Complaint are not "plausible," and could not do so because the facts pled are exactly what

> happened to Plaintiff, and are thus not implausible. Rather, utilizing the appropriate standard for review of a motion for judgment on the pleadings under Rule 12(c), i.e.[,] that dismissal is appropriate only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of he claim which would entitle him to relief" (see *Staron v. McDonald's Corp.*, 51 F.3d 353, 355 (2d Cir. 1995)), Plaintiff's § 1983 claim should not be dismissed as a matter of law.

Here, Weir is making three arguments. I shall discuss each in turn.

First, he assumes that the plausibility standard announced on May 21, 2007 in *Twombly* is inapplicable to any case filed before that date. In reality, the Second Circuit has consistently applied *Twombly* to complaints filed before May 21, 2007, including cases outside the antitrust context. *Iqbal*, 490 F.3d at 157-58; *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007); *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008).

Second, Weir argues: "[T]he Court makes no determination that the facts pleaded in the complaint are not 'plausible,' and could not do so because the facts pled are exactly what happened to Plaintiff, and thus are not implausible." (Weir Mem. p. 8; *see also* Reply pp. 5-6.) For the purposes of the City's motion, I assumed that the Complaint accurately stated the *facts* as to what happened. But *Twombly* required me to decide whether the Complaint pleads "enough facts to state a *claim to relief* that is plausible on its face." *Twombly*, 127 S.Ct. at 1974 (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 2009 WL 1361536, *12 (May 18, 2009), reversing the Second Circuit and ruling that Iqbal's pleadings did not comply with *Twombly*.

Third, Weir argues: "[D]ismissal is appropriate only when 'it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief.'" Weir cites only to *Staron v. McDonald's Corp.*, 51 F.3d 353, 355 (2d Cir. 1995), one of many cases quoting the 1957 language that the Supreme Court explicitly rejected in 2007 in *Twombly*. See my original Opinion, at *5.

I turn now to Weir's § 1983 claims against the City. My original Opinion, at *6, said: "In the absence of a 'custom or policy,' the action of an individual official can sometimes support municipal liability - - if he or she is high enough in the hierarchy to qualify as a 'policymaker.'" I then quoted from *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-82, 106 S.Ct. 1292, 1299-1300 (1986). My original Opinion, at *7, said: "In Weir's case, neither Sergeant Janec nor the Assistant District Attorneys were policymakers." Weir now lists this as one of several "findings of fact" that were "directly contrary to the Complaint's allegations." (Weir Mem. p. 6.) First of all, he does not specify which allegations. Secondly, my Opinion had quoted from *Pembaur*, where the Supreme Court

> ... hasten[ed] to emphasize that not every decision by a municipal officer automatically subjects the municipality to § 1983 liability. Municipal liability attaches only where the decisionmaker possesses *final* authority to establish a municipal policy with respect to the action ordered.

(106 S.Ct. at 1299, emphasis added.) Weir cannot seriously argue that Sergeant Janec or the Assistant District Attorneys possessed "*final* authority to establish a municipal policy."

To hold a municipality liable under § 1983 for the unconstitutional acts of its employees who are not policymakers, "the plaintiff must plead and prove that the violation of constitutional rights resulted from a municipal custom or policy." *McAllister v. New York City Police Department*, 49 F.Supp.2d 688, 704 (S.D.N.Y. 1999)(Peck, M.J., R&R adopted by Wood, J.); *Dwares v. City of New York*, 985 F.2d 94, 100-01 (2d Cir. 1993); *Pembaur*, 106 S.Ct. at 1297-1300; *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205 (1989).

In Weir's September 2008 motion for reconsideration, his final point heading says (at page 20):

> <u>POINT IV</u>
> <u>THE COURT SHOULD RECONSIDER DENIAL OF LEAVE TO AMEND THE COMPLAINT TO ASSERT CLAIMS AGAINST THE IDENTIFIED INDIVIDUAL DEFENDANTS, JANEC AND LOPEZ, AND TO ADD A CLAIM FOR ASSAULT</u>.

However, two pages later, at page 22, the Weir Mem. adds that

"Plaintiff ... should also be allowed to amend to assert whatever the Court determines are necessary allegations [against the City] for § 1983 liability under Monell."

Reading this in light of Weir Mem. p. 11, I assume Weir is asking whether an Amended Complaint would be sufficient if it added the allegation that first appeared in Weir's September 2007 memorandum, namely:

> ... [I]t is Plaintiff's contention that Police Officer Stephen Janec ... and Assistant D.A. Rodriguez ... were following an official government policy of "Zero tolerance" for driving with a suspended license in the State and City of New York, and a "no holds barred" prosecution of alleged perpetrators. That such official policy, in this case, conflicted with, and violated, Plaintiff's civil rights under § 1983 ....

Such an additional allegation would not be sufficient. I will assume that the City had a policy of "Zero tolerance" for driving with a suspended license in the State and City of New York. Such a policy does not violate "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Moreover, Weir states that Officer Janec arrested him in June 2004 after performing a computer check; Weir has not disputed that the computerized records of the New York Department of Motor Vehicles showed that Weir's driving privileges in New York were under suspension (indeed from September 7, 2001 until September 21, 2004). See my original Opinion at *1, beginning with Weir's account of receiving a summons in 1999 for speeding.

I turn now to Weir's state-law claims against the City, and his September 2007 request to bring federal and state-law claims against new defendants.

1. The § 1983 claims against individuals for false arrest.

Starting in September 2007, Weir sought to amend his complaint to sue individual defendants. My original Opinion, at *10-11, held that any § 1983 claim against individuals for false arrest would be barred by the 3-year statute of limitations.

I quoted two passages from *Wallace v. Kato*, 127 S.Ct. 1091 (2007), which said (with my emphasis now added):

> We hold that the statue of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.
>
> * * *
>
> Reflective of the fact that false imprisonment consists of detention *without* legal process, a false imprisonment *ends for limitations purposes* once the victim becomes held *pursuant to* such process - - when, for example, he is bound over by a magistrate or arraigned on the charges.

My original Opinion then said:

> Thus, Weir's § 1983 claim for false arrest accrued on the morning of June 16, 2004, when he was given the desk appearance ticket and released from the stationhouse. The statute of limitations on that claim expired on June 16, 2007, before Weir moved to amend his Complaint.

Weir's motion for reconsideration does not discuss the desk appearance ticket, or the Supreme Court's *Wallace* decision. Instead, without citing any authority, he asserts:

> ... [T]he City's course of conduct relating to the false imprisonment continued until at least November, 2004, when the Plaintiff was bound over for trial, and, more correctly, until December 2004, when the trial was actually set to occur. At all times prior to December, 2004, the Plaintiff was falsely "imprisoned" by virtue of the City's compulsory legal process to attend in Court, or otherwise to be arrested, imprisoned and charged with additional violations of law.

(Reply p. 9.) This assertion is utterly without merit.

Weir did not seek to sue any individual defendant until September 2007. My original Opinion noted that a § 1983 claim

against new defendants would be time barred unless it "relates back" pursuant to F.R.Civ.P. Rule 15(c). I then explained that Weir failed to meet the requirement set forth in Rule 15(c)(3)(B).

2. The § 1983 and state-law claims for malicious prosecution.

My original Opinion, at *11, said: "For a claim of malicious prosecution, New York law requires that the criminal case must have been terminated in favor of the criminal defendant. An ACD does not satisfy that requirement." I cited four cases: *Hollender v. Trump Vil. Coop.*, 58 N.Y.2d 420, 451 N.Y.S.2d 765 (Ct. App. 1983); *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 196-97, 712 N.Y.S.2d 438, 441-42 (Ct. App. 2000); *Fulton v. Robinson*, 289 F.3d 188, 196 (2d Cir. 2002); and *Rothstein v. Carriere*, 373 F.3d 275, 286-87 (2d Cir. 2003). Weir now suggests that those four precedents are somehow undermined by *Cantalino v. Danner*, 96 N.Y.2d 391, 395, 729 N.Y.S.2d 405, 408 (Ct. App. 2001); in that case, however, "the Criminal Court Judge made clear that he dismissed the charges because plaintiff was innocent and the prosecution groundless." In the previous paragraph *Cantalino* reaffirmed *Smith-Hunter*'s discussion of a "compromise"; that discussion had specifically included an ACD. Weir's suggestion is utterly without merit.

3. The state-law claims for false arrest, assault and battery.

The Answer's Tenth Affirmative Defense states: "Plaintiff has failed to comply with G.M.L. §§ 50(e) and (i)." My original Opinion, at *12, quoted N.Y. General Municipal Law § 50-e(1)(a), with its requirement to serve a notice of claim "within ninety days after the claim arises." I noted: "First, Weir did not file the notice of claim until May 2005, which was obviously well over 90 days after the June 2004 accrual of the causes of action for false arrest, false imprisonment, and assault and battery. Second, Weir never made application to file a late notice of claim." I also quoted from Judge Preska's opinion in *Garcia v. NYPD Pct 41*, 1997 WL 563809 (S.D.N.Y. Sept. 10, 1997).

The Weir Mem. now annexes, as Exhibit C, the form letter he received from the City Comptroller's Office dated June 16, 2005, which began:

> Receipt is hereby acknowledged of your claim. ....

> Your claim is currently under investigation. Please be aware of the fact we receive thousands of claims each year.
> ....

The Weir Mem., at pages 16-17, chooses to read the word "Receipt" as if it said "accepted." Weir makes a frivolous argument that "the City, by announcing in its June 16, 2005 letter that the Notice of Claim had been accepted, waived any claim that the state law claims are not timely. .... Thus, Judge Preska's decision ... is entirely inapposite."

Weir cited no authority for this argument until his Reply at pages 10-14, where he dug up a case from Puerto Rico, two cases from California, and seven New York cases that are not on point. The only one that needs any discussion is *Mancuso v. New York State Thruway Authority*, 86 F.3d 289 (2d Cir. 1996), *cert. denied*, 117 S.Ct. 481 (1996), which hinged on a different statute, namely the New York Court of Claims Act, § 11(c). [1]

In desperation, Weir suggests that the Comptroller's form letter was calculated to mislead him. Weir's Reply, at pages 11-12, says:

> [T]he City has induced an opposing party by its conduct to delay an action on a known cause of action. To establish a waiver or estoppel, the Plaintiff is required to show that the defendant engaged in conduct which

---

[1] In *Mancuso*, at p. 297, the Second Circuit wrote:

> ... § 11(c) of the Court of Claims Act provides: ["]Any objection or defense based upon failure to comply with (i) the time limitations contained in section ten of this act, or (ii) the manner of service requirements set forth in subdivision a of this section is waived unless raised, with particularity, either by a motion to dismiss made before service of the responsive pleading is required or in the responsive pleading, and if so waived the court shall not dismiss the claim for such failure.["] N.Y.Ct.Cl. Act § 11(c). We read this section as requiring the Thruway Authority to assert, either before or in its responsive pleading, any defense based on a plaintiff's failure to serve the Attorney General. Because the Thruway Authority's answer did not assert a defense based on § 11(a), that defense has been waived. Accordingly, we affirm the district court on this issue as well.

> was calculated to mislead Plaintiff, and that the Plaintiff, in reliance thereon, delayed filing an application for late Notice of Claim until the allowable time had run. .... A City, by statute, cannot "waive" a statue of limitations defense, but it can assert, through appropriate agents or representatives, that a particular action will be deemed timely if accomplished within a designated period.

I reject these belated arguments.

CONCLUSION

In response to plaintiff's motion for reconsideration, I have reconsidered my original Opinion, and I adhere to it. Once again, I grant the City's motion for judgment on the pleadings. I deny the reworded request to amend the Complaint, both as to the City and as to new defendants.

On August 11, 2008, the Clerk entered judgment for defendant. That judgment is now final.

I direct the Clerk to close this case after noting that all motions have been decided.

Douglas F. Eaton

DOUGLAS F. EATON
United States Magistrate Judge

Dated: New York, New York
May 19, 2009

Copies of this Opinion and Order will be mailed on this date to:

John K. Weir, Esq.
John K. Weir Law Offices, LLC
300 Park Avenue - Suite 1700
New York, NY 10022

John K. Weir, Esq.
47 Winthrop Drive
Riverside, CT 06878

Jessica T. Cohen, Esq.
Assistant Corporation Counsel

100 Church Street
New York, NY 10007